UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| 760 NEW BRUNSWICK URBAN RENEWAL LIMITED LIABILITY COMPANY et al., <br><br> Plaintiffs, <br><br> v. <br><br> NAVIGATORS SPECIALTY INSURANCE COMPANY et al., <br><br> Defendants. | Civil Action No. 20-05877 (RK)(DEA) <br><br> **MEMORANDUM ORDER** |

**ARPERT, U.S.M.J.**

This matter comes before the Court on Plaintiff 760 New Brunswick Urban Renewal LLC's ("Urban Renewal") Motion for Leave to File a Supplemental Second Amended Complaint. ECF No. 56. Defendant Clarios LLC f/k/a Johnson Controls Battery Group, Inc. ("Clarios") opposes the Motion. ECF No. 60. No oral argument was heard. Fed. R. Civ. P. 78(b). Having carefully considered the parties' respective submissions, for good cause shown, and for the reasons set forth herein, the Motion is **GRANTED**.

**I.    Background**

On April 13, 2020, Plaintiffs DeNovo New Brunswick LLC ("DeNovo") and Urban Renewal, filed this action against Navigators Specialty Insurance Co. ("Navigators") and Clarios (collectively, "Defendants"). Plaintiffs sought coverage pursuant to the subject Navigators' policy to pay the remediation costs that DeNovo had expressly assumed under the DeNovo Agreement.

1

On February 25, 2021, Urban Renewal sent a "Notice of Intent To Commence Action Pursuant to the Environmental Rights Act, N.J.S.A. § 2A:35A-1 et seq." (the "Notice of Intent to Sue") to various persons, including NJDEP and Clarios. The Notice of Intent to Sue asserted that Clarios violated ISRA and that, as a result, Urban Renewal intended to file an environmental citizen's suit pursuant to the New Jersey Environmental Rights Act ("ERA") against Clarios after the required 30 days' notice. ECF No. 36 (SAC) ¶ 131.

In March 2021, the parties agreed to and the Court entered an Order granting leave for Urban Renewal to file a Second Amended Complaint ("SAC") to assert the ISRA and ERA claims raised in Urban Renewal's Notice of Intent to Sue. ECF No. 34.

On April 2, 2021, Plaintiffs filed the SAC, and added four new claims (Damages under ISRA and the ERA, nuisance, Spill Act Cost Recovery, and Cost Recovery under CERCLA). ECF No. 36. In Count Seven of the SAC, Urban Renewal asserted a claim under ISRA against Clarios. ECF No. 36. Clarios moved to dismiss Count Seven, arguing, in part, that its receipt of the remediation in progress waiver ("RIP Waiver") from NJDEP immunized it from ISRA liability. On December 14, 2021, the Court issued an Opinion and, among other things, dismissed Urban Renewal's ISRA claim. ECF No. 44. The Court held that "as evidenced by these series of contractual agreements, [Clarios] was never obligated to remediate the Property under the ISRA." *Id.* at 23. Further, the Court explained because NJDEP approved Clarios' waiver request, NJDEP "necessarily found that the remediation funding source for the cost of the remediation of the Property had been properly established." *Id.* at 23-24. Importantly, the Court noted, "**unless further action is taken by NJDEP**, [Clarios] has no obligations to remediate the Property under the ISRA." *Id.* at 24 (emphasis added).

2

The Court administratively terminated this case on January 22, 2022 "to facilitate the parties' efforts to resolve this action" through settlement. ECF No. 49.

On April 20, 2022, NJDEP notified Clarios that it was rescinding the RIP Waiver. ECF No. 56-2 (Suppl. SAC) ¶ 74. Thereafter, the parties determined that settlement would not be possible and asked the Court to reinstate the case on October 12, 2022; upon reopening the case, the Court ordered that Urban Renewal had to file its motion for leave to file an amended complaint by November 12, 2022. ECF No. 53.

On November 11, 2022, Urban Renewal filed this Motion for Leave to File a Supplemental Second Amended Complaint to reassert its previously dismissed ISRA claim primarily because the RIP Waiver was rescinded by NJDEP. ECF No. 56.

**II.     Legal Standards**

Rule 15(d) provides, in pertinent part: "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d).

"The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *Planker v. Christie*, No. 13-4464, 2018 WL 4639197 at *3 (D.N.J. Sept. 27, 2018) (internal quotation marks and citations omitted). Such motions should be granted "if it will promote the just disposition of the case, will not cause undue prejudice or delay and will not prejudice the rights of any parties." *Sky v. Haddonfield Friends Sch.*, No. 14-5730, 2016 WL 1260061, at *2 (D.N.J. Mar. 31, 2016), (citing *Medeva Pharma Ltd. v. American Home Products*

*Corp.*, 201 F.R.D. 103, 104 (D. Del. 2001). Requests to supplement pleadings are left to the sound discretion of the court. *Glenside W. Corp. v. Exxon Co., U.S.A., A Div. of Exxon Corp.*, 761 F. Supp. 1118, 1133 (D.N.J. 1991). Courts may deny a supplemental complaint "when it would raise new issues and unduly delay resolution of the case." *Love v. New Jersey Dep't of Corr.*, No. 15-4404, 2017 WL 4220576, at *4 (D.N.J. Sept. 22, 2017).

   a. Futility

Amendments are futile if "the complaint, as amended, fails to state a claim upon which relief could be granted[,]" or in other words, when they would fail under a Rule 12(b)(6) analysis. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). To survive a 12(b)(6) motion, plaintiffs must show that their claims "cross the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[C]ourts place a heavy burden on opponents who wish to declare a proposed amendment futile." *Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000). In the Third Circuit, a district court "determines futility by taking all pleaded allegations as true and viewing them in a light most favorable to the plaintiff." *Winer Fam. Tr. v. Queen*, 503 F.3d 319, 331 (3d Cir. 2007). While "tracking Rule 12(b)(6), Rule 15 futility does not contemplate substantive motion practice on the merits of the claims."

> If a proposed amendment is not clearly futile, then denial of leave to amend is improper. This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense; [it] does require, however, that the newly asserted defense appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit.

*Clinton v. Jersey City Police Dep't*, No. 07-5686, 2017 WL 1024274, at *5 (D.N.J. Mar. 16, 2017) (citing *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990)). "In determining whether an amendment is insufficient on its face, the Court employs the Rule 12(b)(6)

4

motion to dismiss standard [] and considers only the pleading, exhibits attached to the pleading, matters of public record and undisputedly authentic documents if the party's claims are based upon same." *Dawn Rest., Inc. v. Penn Millers Ins. Co.*, No. 10-2273, 2011 WL 4962451, at *4 (D.N.J. Oct. 18, 2011) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (quotation marks omitted).

**III.   Discussion**

In support of its Motion for Leave to File a Supplemental Second Amended Complaint, Urban Renewal states that granting leave would not be futile simply because this Court has previously dismissed the ISRA claims at issue. ECF No. 56-1 at 18. Further, Urban Renewal contends that prior dismissal is not "the law of the case and, even if it were, numerous exceptions to the law of the case apply." *Id.* Under the "law of the case" argument, Urban Renewal advances two explanations. First, Urban Renewal explains that the law of the case does not apply where the Court previously acknowledged that it could change its decision if NJDEP rescinded the RIP Waiver. *Id.* at 19. Second, Urban Renewal explains that the law of the case does not apply where "the statement that Clarios never was obligated to remediate the Site was *dicta*." *Id.* at 20. Under the "exception to the law of the case" argument, Urban Renewal advances three exceptions that apply. First, the NJDEP's rescission letter is new evidence. *Id.* at 22. Second, as of October 2022, a state court decision interpreting RIP waivers announced a supervening new rule of law. *Id.* Third, the Court's initial "interpretations of ISRA and the allegations of the SAC" were clearly erroneous. *Id.* at 25.

Clarios' opposition argues that this Motion should be denied because: 1) the proposed amendment would be futile as it does not state a cause of action against Clarios, and 2) the Court's decision in December 2021 is still the law of the case. ECF No. 60. In support of the first argument,

Clarios explains: 1) under ISRA, Urban Renewal was not a transferee of an industrial establishment nor was Clarios its transferor, 2) NJDEP's rescission of the RIP Waiver does not expand a private right of action through which Urban Renewal can make a claim, and 3) Urban Renewal does not and cannot allege that Clarios failed to remediate under ISRA. *Id.* In support of the second argument, Clarios explains: 1) the Court's initial holding as to Clarios' ISRA obligations did not leave the door open for later decision, 2) the Court's holding relied on extensive briefing and was not *dicta*, 3) the rescission of the RIP Waiver is not new evidence because the events it focused on occurred prior to its issuance, 4) *Fast Oil* is not relevant to the Court's holding on Clarios' ISRA liability, and 5) the Court's holding on Clarios' ISRA obligations was not erroneous. *Id.*

Urban Renewal's reply to the opposition argues: 1) ISRA's private right of action is not limited to the defendant's immediate transferee, 2) Clarios' agreement with DeNovo is not a defense to Urban Renewal's ISRA claim, and 3) the Supplemental SAC sufficiently alleges that Urban Renewal incurred remediation costs that it can recover from Clarios under ISRA. ECF No. 61.

    a. <u>The Law of the Case</u>

The doctrine of "law of the case" holds that "a rule of law announced in a case should later be applied to the same issues in subsequent stages in the litigation." *Saint-Jean v. Palisades Interstate Park Comm'n*, 49 F.4th 830, 836 (3d Cir. 2022) (internal quotation marks omitted). However, the Third Circuit has clarified "the law of the case doctrine does not preclude a court from revisiting its own decisions or one of a coordinate court where (1) new evidence is available or (2) a supervening new law has been announced." *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009) (citing *Pub. Int. Rsch. Grp. of New Jersey, Inc. v.*

6

*Magnesium Elektron, Inc.*, 123 F.3d 111, 117 (3d Cir. 1997)). Thus, "[l]aw of the case may counsel against, but does not prevent, a district court from reconsidering its prior rulings." *Saint-Jean*, 49 F.4th at 836.

Here, the Court finds that the law of the case based the Opinion and Order issued on December 14, 2021 does not dictate denial of the ISRA allegations that Urban Renewal now seeks to include in its amended pleading. *See* ECF Nos. 44, 45. Previously, in finding that Clarios "was never obligated to remediate the Property under the ISRA," the Court specifically contemplated that a different outcome could be possible *if* NJDEP took further action. ECF No. 44 at 23-24 ("[U]nless further action is taken by NJDEP, [Clarios] has no obligations to remediate the Property under the ISRA"). NJDEP's subsequent rescission of the RIP Waiver in April of 2022 constitutes further action.

    b. <u>Futility on the Merits</u>

Here, the Court finds that Urban Renewal's ISRA claims are sufficiently pled because the proposed amendments state claims on which relief may be granted. Because it is not clear that these amendments are futile, it would be improper to deny the amendment at this stage. Further, in-depth motion practice is not proper under a Rule 15 amendment and the Court declines to rule on the merits of the claims themselves.

**IV.**    **Conclusion**

For the reasons herein, the Court **GRANTS** Plaintiff Urban Renewal's Motion for Leave to File a Supplemental Second Amended Complaint.

**IT IS** on this **12th** day of June 2023;

**ORDERED** that Plaintiff must file a Supplemental Second Amended Complaint substantially identical to the proposed Supplemental Second Amended Complaint filed at ECF No. 56-2 not later than 7 days from the date of this Order; and it is

**FURTHER ORDERED** this Order terminates ECF No. 56.

_____
DOUGLAS E. ARPERT, U.S.M.J.